JOHN H. HAMNER, RESPONDENT, *v.* THOMAS H. BALLANTYNE, AND B. K. BLOCH & CO., APPELLANTS.

1. *District Court—Jurisdiction.*

Where an appeal has been taken from a justice's court to the district court, and new parties are added, who enter their appearance, the latter court does not lose jurisdiction of the case by dismissing as to the only party in the justice's court.

2. *Execution—Parties Subject to.*

When a judgment has been obtained against a firm, in the firm name, an execution against the property of an individual member of the firm is void, although an officer who executed it in good faith might be protected from a suit for the tort.

3. *Evidence—Judgment Roll.*

It was competent for the plaintiff to offer in evidence the judgment roll in the action against the firm in order to prove that the judgment was against the firm, and not against the party whose property was seized upon a writ of execution issued on the judgment.

(No. 879. Decided April 2, 1898.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action by John H. Hamner against Thomas H. Ballantyne. By amendment, B. K. Bloch & Co., a corporation, was made defendant, the action against the other being, upon plaintiff's motion, dismissed. Plaintiff had judgment, and defendant appeals. *Affirmed.*

*John W. Judd,* for appellant.

*G. F. Boreman,* and *Evans & Rogers,* for respondent.

ZANE, C. J.:

It appears from the evidence in this record that the defendant obtained a judgment in the district court against the firm of Blackburn & Co. for $366.28; that an execution issued thereon, reciting a judgment against the individual members of the partnership, of which the plaintiff was one, as well as against the company by its firm name; that Thomas H. Ballentyne, a deputy United States marshal, by virtue thereof, seized and levied upon the $242.85 in dispute, the individual property of the plaintiff Hamner, and paid it to the attorney of the defendant B. K. Bloch; that the plaintiff instituted this action against the officer for the trespass, before a justice of the peace, who rendered judgment against him for the amount so seized; that upon appeal to the district court a similar judgment was rendered by it, and upon appeal to this court it was reversed and remanded, because the writ was against the plaintiff as well as the company, and was fair on its face, and therefore protected him from damages in consequence of the wrong. It further appears that the complaint was amended by the plaintiff, by leave of the district court, before another trial, by making B. K. Bloch & Co., the plaintiff in the first suit, defendant, and afterwards on the trial the suit was dismissed, on motion of the plaintiff, as to Ballantyne, and thereupon B. K. Bloch & Co., by their counsel, entered a motion to dismiss the suit, upon the ground that the voluntary dismissal as to the only defendant in the justice's court deprived the court of jurisdiction to try the case. Counsel for the defendant concedes that the district court had authority to grant the amendment, and admits the new defendant voluntarily appeared, but insists that the jurisdiction of the district court depended upon the jurisdiction of the justice. This position would have been correct had there

been a want of jurisdiction of the subject-matter of the suit in the justice's court. When the subject-matter of the suit is not within the jurisdiction of the justice, it is not within the jurisdiction of the district court on appeal. The appellate court gets jurisdiction by appeal, and, if the justice could have no jurisdiction of the subject-matter, none could be given to the district court by the appeal. Undoubtedly, the justice would have had jurisdiction of B. K. Bloch & Co., had the company been made defendant, and, as the justice's court would have had jurisdiction in that case, the appellate court had jurisdiction when the company was brought in by the amendment, and appearance was entered. The trial of the cause upon the appeal was but a continuation of the litigation commenced in the lower court. The justice's court had jurisdiction of the parties to the case before it, and of its subject-matter, and the appeal gave the appellate court jurisdiction of both, and it acquired jurisdiction of B. K. Bloch & Co., by the amendment and appearance, and the dismissal of the suit as against Ballantyne did not deprive it of jurisdiction of the case or of the party brought in.

With respect to another point raised, the plaintiff, Hamner, and two other individuals, were associated together and doing business by the common name of Blackburn & Co., and the defendant B. K. Bloch & Co., sued them by that name, and by that name obtained judgment against the firm. But the execution purported to be upon a judgment against the individuals composing the firm as well. The firm had a legal existence, and a name by which it was capable of doing business and of being sued, and to that extent it had, in law, a separate and distinct existence from natural persons. In law there were four persons; the one was artificial, and with a more limited capacity. Section 3191, Comp. Laws Utah 1888, subjects

to suit and judgment such artificial person, but the judgment binds only the joint property of the natural persons associated together under the common name. *Levally* v. *Ellis*, 13 Ia. 544; *Davidson* v. *Knox*, 67 Cal. 143.

The execution upon the judgment against the firm, so far as it purported to be against the individual property of its members, was absolutely void; but it protected the officer who, in good faith, executed it, but not the plaintiff who, in person or by his attorney, caused it to be issued and delivered to him. The levy did not pass the legal title to the money seized to the officer. He could not have held it, had suit been brought against him while it was in his hands, without showing a judgment against the person whose individual property it was. But the writ, being against the owner, though void, so far as it could give any right to the money seized, its command executed in good faith excused the trespass or wrong or tort, as termed in law, as to the officer, and protected him from the consequences of the injury to the owner of the property, and from damages to the owner resulting from that injury. But the command of the writ did not protect B. K. Bloch & Co., or their attorney, for wrongfully causing the writ to issue, and for placing it in the hands of the officer, and in that way causing the plaintiff's money to be seized, and for wrongfully taking the proceeds of such levy. They did not act under the writ, and it could not protect them for the part they took in the trespass or tort. The law required them to know the judgment was not against the owner of the money, the plaintiff in this case, and therefore it could not shield them from the consequences of the unlawful act. *Day* v. *Bach*, 87 N. Y. 56; 9 Bac. Abr. 494; *Kerr* v. *Mount*, 28 N. Y. 658; *Foster* v. *Wiley*, 27 Mich. 244; *Thomas* v. *Hinsdale*, 78 Ill. 259; Cooley Torts (2d Ed.) p. 148.

On the trial of this case the plaintiff offered in evidence the judgment roll in the case of B. K. Bloch & Co. against Blackburn & Co., showing a complaint and judgment against the firm only, and an execution thereon against the plaintiff and the other two members of the firm, as well as against the firm, and a return on the execution showing the levy on the money in question as the property of the plaintiff, and the payment of it to the attorney of B. K. Bloch & Co. The defendant objected to its introduction on the ground that it was incompetent, irrelevant and immaterial. It was sufficiently authenticated, and it showed that the judgment was against the firm, not against the plaintiff; an execution against the defendant, who was not a party to the judgment; a seizure of his money, and the payment of it to the attorney of the defendant in this case. It was clearly competent, relevant and material, and we are of the opinion that the court did not err in overruling defendant's objection to it. The judgment is affirmed, with costs.

BARTCH and MINER, JJ., concur.