(174 App. Div. 308)

LIEBERT v. REISS.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

1. PARTNERSHIP ⊂==>68(1)—REAL ESTATE—INTEREST OF PARTNERS.
    Where land is sold to satisfy a judgment lien against the owners, and purchased by the judgment creditors, partners, and the land taken in their names, they take legal title as tenants in common, and in equity in trust for the firm, and, after its use to adjust the equities between the parties and to pay creditors, the residue will go as realty to the heirs of the partners.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 101–107, 109–111; Dec. Dig. ⊂==>68(1).]

2. PARTNERSHIP ⊂==>143—POWERS OF PARTNER—JUDGMENT.
    Either partner of a firm which has secured a judgment can receive payment on or for it, or assign or satisfy it.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 229–232, 233½; Dec. Dig. ⊂==>143.]

3. PARTNERSHIP ⊂==>219(4)—ACTION AGAINST FIRM—SERVICE ON SINGLE PARTNER.
    Where two partners had a judgment lien on land, the interest of both of them was not foreclosed by an action to foreclose a prior mortgage, wherein summons was served on but one of the partners.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 436, 437; Dec. Dig. ⊂==>219(4).]

4. PARTNERSHIP ⊂==>219(4)—ACTION—PARTIES.
    The law does not recognize, for the recovery of a judgment, a partnership as an entity, or the right of one partner to represent all the partners.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 436, 437; Dec. Dig. ⊂==>219(4).]

Action by Lee R. Liebert against Joseph Reiss. Submission of controversy upon an agreed statement of facts. Judgment ordered for defendant for $500 in accordance with the terms of the submission.

Argued before THOMAS, STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Joseph J. Schwartz, of Brooklyn, for plaintiff.
Thomas H. Lipps, of New York City, for defendant.

THOMAS, J. [1-4] The question is whether plaintiff has a marketable title of land which he has agreed to sell to defendant. He has such title, provided certain creditors, whose judgment was a lien on

the land, were properly before the court in an action to foreclose a prior mortgage. The creditors were two copartners, and as such recovered the judgment, and as such were both made parties to the foreclosure action; but the summons was served on only one of them. The usual judgment in foreclosure was entered, and the land sold under it. Did the court have jurisdiction of the partner not served? Section 1932 of the Code of Civil Procedure authorizes a judgment for a sum of money against all defendants jointly indebted therefor, although the summons was served on one or more, but not all of them. In such case the execution may be collected out of the personal property owned by the defendant not served jointly with those who were summoned, or any of them, and out of the real and personal property of the latter, or any of them. Code Civ. Proc. § 1935. In the foreclosure action the plaintiff does not seek such remedy, but rather to recover a judgment decreeing a sale and conveyance of the land, which shall vest in the purchaser the interest of the mortgagor and mortgagee, and bar each party to the action who was duly summoned and those affected by the notice of pendency of the action. Code Civ. Proc. § 1632.

Was the partner not served summoned by service upon his copartner? The partner served did not own all the interest arising from the lien. It was owned by the members of the partnership for partnership purposes. One partner could not in his sole name recover judgment, nor could it be recovered in the name of the firm, as if the partnership were an entity. Either partner was empowered to receive payment on or for it, or to assign it or satisfy it. The judgment was applicable to the payment of firm debts, but, subject to the operation and liquidation of the partnership, there was a residuum of interest in each person. As the law does not recognize, for the recovery of the judgment, the partnership as an entity, or the right of one partner to represent all the partners, I do not perceive how both partners can be brought into court by summoning one.

The plaintiff does not seek to pay the judgment, to satisfy it, or to do any one of the things that could be done through the agency of one partner, but rather to establish that the lien of the mortgage is prior to that of the judgment, and to convey to a purchaser the title, free from the lien of the judgment, so far as the mortgagee has power. To do that, the parties who were required to be before the court to obtain the judgment and consequent lien should be before the court in an action to discharge the lien and take away the property interest the owners of the judgment for a time acquired.

Assume that the land had been sold on the judgment, and purchased by the partners, and the land taken in their names. They would take the legal title as tenants in common, and in equity in trust for the firm (Fairchild v. Fairchild, 64 N. Y. 471), and, after its use to adjust the equities between the parties and to pay creditors, the residue would go as real estate to the heirs of the several partners (Id. 477; Buchan v. Sumner, 2 Barb. Ch. 165, 47 Am. Dec. 305). I do not perceive how in principle both partners are summoned by service on one.

The defendant should have judgment for $500, without costs, in accordance with the terms of the submission. All concur.