## WEINBERG v. ALTMAN et al.

(Supreme Court, Appellate Term, First Department. October 25, 1916.)

EVIDENCE ☞265(17)—ADMISSION OF PARTNER—CONCLUSIVENESS.

In an action for commissions against a partnership by the brother of a partner, such partner's admission, embodied in his testimony, that plaintiff's contract was that he should receive commissions on all business which he solicited or which came in through his recommendation, was not conclusive against the other partner, who denied such contract; but such partner was entitled to go to the jury on the issue as to what the contract was.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1049; Dec. Dig. ☞265(17).]

Appeal from City Court of New York, Trial Term.

Action by Louis Weinberg against Isaac Altman, impleaded with Jacob Weinberg. From a judgment for plaintiff, defendant Altman appeals. Judgment reversed, and new trial ordered.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Joseph A. Arnold, of New York City, for appellant.

Feltenstein & Rosenstein, of New York City (Abraham Rosenstein, of New York City, of counsel), for respondent.

SHEARN, J. Plaintiff sues for commissions pursuant to an alleged contract with the defendant partnership, whereby, according to his testimony, it was agreed that he should receive 5 per cent. on all business which he solicited or which came in through recommendation to him. The defendant Jacob Weinberg, plaintiff's brother, corroborated plaintiff as to the terms of the contract. The defendant Altman, who alone answered, testified that the contract was that his firm agreed to pay the plaintiff 5 per cent. commissions on all orders brought in by him. There was a sharp difference between these two arrangements. According to the one testified to by defendant Altman, plaintiff was only entitled to commissions on business that he actually procured, while, according to the plaintiff's version, he was entitled to commissions on all business of defendants done with any customers on whom the plaintiff had ever called, regardless of whether plaintiff's call was instrumental in bringing in the business. For example, defendants distributed samples widely among possible customers. If plaintiff called on a firm and solicited business unsuccessfully, and that firm later on, having received samples from defendant's firm, sent without any suggestion of the plaintiff, decided to make a purchase, plaintiff was entitled to a commission under his version of the contract; whereas, he was entitled to nothing, under the version of the defendant Altman, because he had not brought in the business. The difference between the results of the two arrangements might be very important.

The defendant asked to go to the jury upon which contract was in fact made. This was denied upon the theory that the defendant Alt-

man was absolutely concluded on this issue because of the testimony of his partner, who was plaintiff's brother. The admission of the defendant's partner carried strong probative force against the defendant, but it was not conclusive. The law does not recognize, for the recovery of a judgment, a partnership as an entity, or the right of one partner to represent all the partners. Liebert v. Reiss, 160 N. Y. Supp. 535. The defendant was entitled to go to the jury on the issue presented by the conflicting testimony as to what contract was actually made.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.