WALL INVESTMENT COMPANY, a limited partnership, with Gordon Goodsell, general partner, Plaintiff and Respondent,

v.

GARDEN GATE DISTRIBUTING, INC., Dennis Vanderlinden, and Steven Vanderlinden, Defendants and Appellants.

No. 15766.

Supreme Court of Utah.

March 26, 1979.

Rodney S. Page of Hess, Palmer, Van Wagenen & Page, Clearfield, for defendants and appellants.

Barrie G. McKay, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

This action for conversion arose when appellant Garden Gate Distributing, Inc. ("Garden"), having obtained a money judgment against one Donald L. Zimmerman, a dealer in floor coverings and other home furnishings, proceeded under writ of execution on February 6, 1976, to seize Zimmerman's floor covering inventory. The seized inventory was then the subject of a "chattel mortgage" in favor of respondent Wall Investment Company ("Wallco"). The mortgage had been filed with the Secretary of State in compliance with the Uniform Commercial Code.[1]

On the date of the mortgage and until after the inventory seizure, Wallco was a general partnership which had failed to file an assumed name certificate as our statute[2] requires. Shortly after the seizure and before the complaint in this matter was filed, Wallco became a limited partnership by filing a Certificate of Limited Partnership with the Utah County Clerk. Thereafter, Wallco filed an assumed name certificate with the Secretary of State.

When Wallco sued Garden for wrongful taking of the Zimmerman inventory, Garden raised as primary defenses (1) that the mortgage was defective as a financing statement and therefore failed to perfect a security interest in that it gave an insufficient address for Wallco, and (2) that the plaintiffs, identified in the complaint as "Wall Investment Company, a limited partnership, with Gordon Goodsell, general partner," was without standing to maintain the suit. After non-jury trial, the trial court resolved the issues associated with those defenses in favor of Wallco, found the seized inventory to have had a value in excess of $13,914.62 (the amount remaining to be paid under the notes secured by the mortgage) and entered judgment for Wallco in that amount.

On appeal, Garden asserts that the trial court ruled erroneously on the primary defense issues and further asserts that the evidence does not support the finding that

1. U.C.A., 1953, 70A–9–401.

2. U.C.A., 1953, 42–2–5.

the seized inventory had a value as high as the damage award.

The claimed defect in the mortgage is that it provided an insufficient address for Wallco. The address on the mortgage instrument is a post office box. It is not disputed that the identified box was, at all relevant times, maintained by a general partner of Wallco. A post office box address is not insufficient as a matter of law,[3] and it was Garden's burden, as the party asserting the invalidity of the recorded financial statement, to prove the insufficiency of the address as a matter of fact. Garden, having failed even to attempt communication with Wallco by mail, could not satisfy that burden. An address is sufficient if it would enable a prudent person using reasonable care to locate the secured party.

In challenging Wallco's standing to sue, Garden raises no issue about the limited partnership's ownership of the property interest which was originally conveyed by the chattel mortgage to Wallco as a general partnership. Garden's contention is that a partnership, general or limited, is not a legal entity distinct from its partners and cannot maintain an action in its own name.

At common law, a partnership was not recognized as a distinct legal entity. The partners were required to join as plaintiffs in actions to enforce partnership rights.[4] In *Hamner v. Ballantyne*,[5] this Court concluded that a partnership was a legal entity distinct from its partners and affirmed an award against a partnership in its partnership name. The common law rule has been criticized as a "useless relic of strict procedural rules with nothing, apparently, to justify its continued existence,"[6] and modern tendency is to depart from it.[7]

We need not decide, for the purposes of this appeal, whether a general partnership can sue in its own name. The plaintiff here is a limited partnership, not a general one. Limited partnerships were unknown to the common law and are, like corporations, creatures of statute.[8] The quasi-corporate aspects of a limited partnership and the quasi-shareholder status of a limited partner are obvious. The same reasoning and policy considerations which justify recognition of corporations as proper parties plaintiff apply as well to limited partnerships.[9] Moreover, there is a specific legislative recognition that a limited partnership, as an entity distinct from its partners, can bring suit. By statute [10] it is provided that "a contributor . . . is not a proper party to proceedings by . . . a partnership." A limited partnership may sue in its own name without identifying its partners; their names and addresses are a matter of public record or the partnership has not been validly constituted.

Wallco's early failure to comply with the assumed name statute does not disqualify it as a plaintiff in this suit. The only sanction associated with non-compliance is denial of the non-complying entity's access to the courts, and that sanction is removed on compliance.[11]

Appellant contends that the evidence will not support the findings that the seized inventory had value equal to the award. While there were conflicting value

---

**3.** *Silver v. Gulf City Body and Trailer Works*, 432 F.2d 992 (5th Cir. 1972).

**4.** 60 Am.Jur.2d Partnership, Sec. 322 et seq.

**5.** 16 Utah 436, 52 P. 770 (1898).

**6.** Eleventh Annual Report of New York Judicial Council, 1945.

**7.** *Loucks v. Albuquerque Nat. Bank*, 76 N.M. 735, 418 P.2d 191 (1966).

**8.** *Ruzicka v. Rager*, 305 N.Y. 191, 111 N.E.2d 878 (1953); See 39 A.L.R.2d 288.

**9.** Ibid, and see 60 Am.Jur.2d Partnership, Sec. 390. No. 15766.

**10.** U.C.A., 1953, 48–2–26.

**11.** *Platt v. Locke*, 11 Utah 2d 273, 358 P.2d 95 (1961).

opinions and conflicting testimony about the quantity of property seized, there is certainly credible and competent evidence which supports the finding. We do not, in such circumstances, substitute our judgment for that of the trial court.[12]

The judgment is therefore affirmed. Costs to Wallco.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

12. *Fisher v. Taylor*, Utah, 572 P.2d 393 (1977); *Griffeth v. Zumbrennen*, Utah, 577 P.2d 129 (1978).