[Civ. No. 57618. Second Dist., Div. Three. Nov. 25, 1980.]

JOSEPH L. KROFCHECK, Plaintiff and Appellant, v.
ENSIGN COMPANY et al., Defendants and Respondents.

COUNSEL

Grueskin & Bunnage and M. Alan Bunnage for Plaintiff and Appellant.

Good, Wildman, Hegness & Walley and Joseph E. DuBois for Defendants and Respondents.

OPINION

**POTTER, Acting P. J.**—Plaintiff Joseph L. Krofcheck, assignee of Park City Utah Corporation, appeals from an order of the superior court in sister state judgment proceedings relating to a Utah judgment.

The order appealed from vacated the sister state judgment insofar as it was against defendant Robert W. Ensign. The application for entry of judgment on the sister state judgment was filed September 14, 1976. It named as defendants Ensign Company, a limited partnership, and Robert W. Ensign, general partner, and sought the entry of a California judgment against them in the sum of $73,653.53, based upon an attached "Judgment on Stipulation" and implementing orders in civil action No. 4143 in the District Court of Summit County, Utah. The parties named in the Utah proceeding as shown by the stipulated judgment were: Ensign Company, a limited partnership; Ski Park City West, Inc., a corporation; and Aspen Grove, Inc., a corporation.[1]

The application for sister state judgment was on the official form specified in Code of Civil Procedure section 1710.15. On September 20, 1976, judgment was entered by the clerk in favor of plaintiff and against defendants Ensign Company and Robert W. Ensign in the sum of $73,653.53.

---

[1]Later proceedings noted a name change of this defendant to National Property Management, Inc., a Utah corporation.

Proceedings to vacate this judgment, pursuant to Code of Civil Procedure section 1710.40, were promptly initiated by both defendants. Numerous grounds were specified, including lack of finality of the Utah proceedings. The hearing of the motions to vacate was continued from time to time from November 9, 1976, to January 9, 1979, when the ruling which is the subject of this appeal was rendered. In the interim, extensive further proceedings occurred in the Utah litigation. One of the results of these Utah proceedings was that the amount of the Utah judgment was by order of September 6, 1977, increased to $98,000, and judgment in that sum was awarded "against defendants Ensign Company, Ski Park City West, Inc., and Aspen Grove, Inc. (Name changed to National Property Management, Inc.)." An appeal from this modified judgment was taken to the Supreme Court of Utah which, on October 23, 1978, filed its opinion affirming such judgment as a valid interpretation and implementation of the original judgment on stipulation. While this appeal was pending, the Utah District Court also granted plaintiff's motion for an order that "Robert W. Ensign, general partner of the defendant Ensign Company, shall personally appear in the above-entitled court to answer concerning his and Ensign Company's property. . . ." Further, on October 14, 1977, the court issued its contempt citation against Robert W. Ensign for failing to appear for such examination.

Vacation of the sister state judgment on behalf of Ensign Company was sought on various bases, including an attack upon the Utah judgment on the grounds that it was obtained by extrinsic fraud. These grounds were effectively negated by the Utah Supreme Court's opinion affirming the modified judgment against the partnership.[2]

Robert W. Ensign's motion to vacate the judgment was based upon his contention that the Utah judgment was not a judgment against him personally and, therefore, could not be made a California judgment against him personally. In support of his contention, Ensign filed his declaration stating that he had never been personally served in the Utah proceedings and had never personally appeared therein. The record of the Utah proceeding revealed that he was not a named party. The court's attention was drawn to Utah statutory and case authority that a judgment in an action brought against a partnership sued in the partnership name is enforceable only against the partnership property. Anticipating that plaintiff would attempt to claim that the Utah judg-

---

[2]Consequently, the superior court denied the motion of the partnership to vacate the sister state judgment. No appeal was taken from this order.

ment was binding upon him by virtue of his personal participation in the conduct of the Utah litigation, Ensign's declaration explained that by the time such litigation was commenced, Ensign Company had transferred its interest in the land development venture which was the subject of the litigation to a publicly held corporation (Ski Park City West, Inc.) which had assumed the partnership obligations in return for stock in such corporation. Shortly thereafter, Ensign Company had dissolved, distributing to the partners the corporate stock which constituted the partnership assets. Consequently, Ensign allegedly left the entire matter of the defense of the action to the attorneys employed to defend the corporation. Ensign claimed that he personally was ignorant of the proceedings whereby the stipulated judgment was entered.

In response to Ensign's showing, plaintiff showed that: (1) Ensign was the chief executive officer of the corporate defendant, (2) corporate counsel sought a continuance in order to confer with him to obtain the facts for an answer, and (3) despite his tender of resignation before the date of the stipulated judgment, deeds executed after the stipulated judgment to carry out the division of property thereby contemplated were executed by Ensign. Plaintiff further showed that after the commencement of the sister judgment proceedings, Ensign actively participated in the Utah proceedings by which both Ensign Company and the corporate defendant sought to vacate the Utah judgment. On the basis of this showing, plaintiff contended that Ensign was bound by the Utah judgment under the rule embodied in Restatement of Judgments (1942) section 84, page 390, which states: "A person who is not a party but who controls an action, individually or in co-operation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; . . ."

Plaintiff also contended that as general partner, Ensign was in privity with the partnership and thereby bound by the judgment against it.

The ruling on defendant Ensign's motion to vacate the judgment was stated as follows: " . . . . Court determines he has no personal liability under sister state judgment and enjoins plaintiff from executing upon his personal assets as opposed to assets of Ensign Company."

The court did not specify the basis for the ruling. However, since it denied the motion as to the defendant Ensign Company (the limited

partnership), it obviously rejected the arguments attacking the validity of the Utah judgment as a determination of the liability of such partnership. The court did not, however, state whether the ruling with respect to Ensign personally was based upon a factual determination that he did not control the Utah action or upon the legal proposition that in any event the Utah judgment against Ensign Company could not be the basis of a sister state judgment against him personally.

After the ruling in the court below, the District Court of Utah by order of dismissal of Robert W. Ensign, dated May 9, 1979, declared and "determined that it lacks jurisdiction over the person of Robert W. Ensign in this matter," and on July 2, 1979, said court denied a motion to vacate said order; however, by order dated September 2, 1980, said court added Robert W. Ensign as a party defendant, based upon personal service on June 5, 1979, and granted him 30 days "to answer the summons served on him on June 5, 1979."[3]

### Contentions

Plaintiff contends that: (1) Utah law must be applied to determine the effect of the Utah judgment; (2) under Utah law, Ensign is bound by the Utah judgment as a person in privity with Ensign Company; and (3) sister state judgment proceedings are a proper way to recognize Ensign as a party.

Defendant does not controvert the applicability of Utah law. He contends, however, that: (1) under both Utah and California law his assets are not liable to pay the Utah judgment, since he was not a party to the Utah proceeding nor in privity with a party, and (2) in any event, the Utah judgment was rendered without jurisdiction over him (as the Utah court has recognized).

### Discussion

#### Summary

The effect of the Utah judgment is governed by Utah law. However, there is no Utah law making a judgment against a partnership effective

---

[3]Judicial notice has been taken of the May 9, 1979, and July 2, 1979, orders pursuant to the request of defendant Robert W. Ensign, and of the September 2, 1980, order pursuant to the request of Krofcheck.

as a judgment against a partner not named or served as a party. Nor can this result be reached on the basis of the partner controlling the litigation against the partnership. The sister state judgment proceedings cannot, therefore, make Ensign a party to the original judgment and thereby subject his assets thereto.

### Utah Law Controls

■ "It is well settled that both the validity and the effect of a judgment are governed by the laws of the state where it is rendered." (*Gilmer* v. *Spitalny* (1948) 84 Cal.App.2d 39, 44 [189 P.2d 744].) Further, as noted in Restatement Second of Conflict of Laws (1971) section 94, comment b, page 279: ".... What persons are in privity with a party to the judgment or are otherwise affected by the judgment on account of a special relationship to a party or a privy is determined by the local law of the State where the judgment was rendered provided that this law meets the requirements of due process."

### Under Utah Law the Judgment Against Ensign Company Was Not Enforceable Against Ensign Personally

■ The uncontradicted facts show that, prior to the rendition of the Utah judgment, Ensign was never named as a defendant in the Utah proceedings, was never personally served with any of the pleadings and never personally appeared in that action.

A thorough perusal of the record of the Utah proceedings, furthermore, demonstrates that the Utah court never entered a judgment against Ensign and in fact ultimately has recognized its lack of jurisdiction to have done so. Plaintiff's contention to the contrary, based upon the order of September 19, 1977, requiring Ensign to personally appear "to answer concerning *his* and Ensign Company's property," is unsound. Though this order was perhaps inappropriate in light of the fact that Ensign's liability had not been adjudicated, it did not constitute an adjudication of Ensign's liability. The only effective adjudication of liability by the Utah court is the summary judgment of September 6, 1977, which expressly states that it is "against defendants Ensign Company, Ski Park West, Inc. and Aspen Grove, Inc."

Defendant Ensign Company was sued by that name under the provisions of Utah Rules of Civil Procedure 17(d) which provides: "When two or more persons associated in any business either as a joint-stock

company, a partnership or other association, not a corporation, transact such business under a common name, whether it comprises the names of such associates or not, they may be sued by such common name; and any judgment obtained against the defendant in such case shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability."

The predecessor provision of the Utah Rules of Civil Procedure in effect in 1898 was section 3191 of the Compiled Laws of Utah of 1888, which, in like fashion,[4] authorized suing partnerships by the partnership name. In *Hamner* v. *B. K. Bloch & Co.* (1898) 16 Utah 436 [52 P. 770], the effect of section 3191 was stated as follows: "Section 3191, Comp. Laws Utah 1888, subjects to suit and judgment such artificial person, but the judgment binds only the joint property of the natural persons associated together under the common name. Levally v. Ellis, 13 Iowa 544; Davidson v. Knox, 67 Cal. 143, 7 Pac. 413. The execution upon the judgment against the firm, so far as it purported to be against the individual property of its members, was absolutely void; . . ."

The Utah rule thus stated is in accordance with the law of California as announced in *Fazzi* v. *Peters* (1968) 68 Cal.2d 590, 592-598 [68 Cal.Rptr. 170, 440 P.2d 242]. In *Fazzi*, our Supreme Court construed Code of Civil Procedure section 388, as it read prior to a 1967 amendment,[5] and held it did not permit "the rendition of a judgment binding the individual property of an alleged partner served with process in, but not made a party to, an action against the partnership wherein the latter was sued by its common name." (*Id.* at p. 594.) The California statute involved contained provisions substantially the same as the above Utah statutes.

Both the Utah and California authorities above referred to are in accordance with the general common law rule. This is recognized in the reporter's note to Tentative Draft No. 4 of Restatement Second of Judgments (1977) section 109, pages 81-82, which states the effect of a judgment in favor of a third person "upon an obligation or liability in-

---

[4]The operative language of the two provisions is substantially identical.

[5]As the court pointed out in *Fazzi* in footnote 7 (at pp. 597-598) the 1967 amendment "unquestionably removed" any ambiguity that joinder as a party and personal service upon a partner in that capacity is required before a judgment establishing personal liability may be obtained.

curred in the course of partnership business." If "in favor of the injured person," the judgment "renders the property of the partnership subject to execution to satisfy the judgment but is not otherwise binding on a partner who was not a party to the action. . . ."

This common law rule was recognized by our Supreme Court in *Dillard* v. *McKnight* (1949) 34 Cal.2d 209, 214 [209 P.2d 387, 11 A.L.R. 2d 835]: "It is generally recognized that partners are not in such privity with one another that a judgment against one partner in an action brought against him personally on a tort arising out of the partnership business is res judicata when the same issues are raised in subsequent litigation against another partner. (1 Freeman on Judgments (5th ed.) § 518, p. 1112; 2 Black on Judgments (2d ed.) § 566, p. 852; 50 C.J.S., Judgments, § 806, pp. 351-352; *Tonge* v. *Item Pub. Co.*, 244 Pa. 417 [91 A. 229, 231-232]; *Liebert* v. *Reiss*, 174 App.Div. 308 [160 N.Y.S. 535, 536]; *Emmons* v. *Hirschberger*, 69 N.Y.S.2d 401, 402; *Pate* v. *Geo. P. Wyly & Co.*, 118 Ga. 262 [45 S.E. 217, 218]; *Robinson* v. *Seay*, 175 Mo.App. 713 [158 S.W. 409, 412-413]; *Ablon* v. *King* (Tex. Civ.App.), 279 S.W. 563, 566; *American Photo Player Co.* v. *Simon*, 151 La. 708 [92 So. 307, 308]; cf., Cal. Civ. Code, § 2403, subd. (3)(d), (e).)"

Plaintiff cites no Utah authorities disagreeing with the above general rule denying automatic privity status with respect to partners.[6]

Of course, the general rule denying privity solely by virtue of partnership status does not preclude applicability of res judicata rules to partners who are otherwise subject thereto.

As our Supreme Court said in *Dillard* v. *McKnight, supra*, 34 Cal.2d at page 216: "Of course, there are situations where persons neither parties nor privies to parties to an action may be bound by a judgment. The rule is stated in section 84 of the Restatement of Judgments as follows: 'A person who is not a party but who controls an action, individually or in co-operaton with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or finan-

---

[6]The only Utah case which plaintiff cites which gives any effect to a judgment against a nonparty is *Utah Oil Refining Co.* v. *Millard County D. Dist. No. 4* (1935) 90 Utah 67 [50 P.2d 774]. That case, however, did not involve partners. It found collateral estoppel applicable to drainage district bond holders upon the ground that the district was obligated to and had represented their interests in respect of an issue relating to the existence of a lien for taxes upon property in the district.

cial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his participation, the other party is equally bound.' (See, also, 1 Freeman on Judgments (5th ed.) § 432, p. 939 et seq.; 50 C.J.S., Judgments, §§ 782-783, pp. 317-320.)"

It is arguable that the evidence in the trial court in this matter does not substantially support a finding other than that control of the litigation was exercised by Ensign. We need not, however, decide this question. Even if a finding of control was required by the evidence, the rule invoked does not make the Utah judgment a judgment against Ensign personally, nor permit its enforcement against his assets. Comment "b" to Restatement of Judgments, *supra*, section 84, pages 391-392, makes this clear. It states: "*The rule stated in this Section has specific reference to the effect of a judgment by way of collateral estoppel* under the rules stated in §§ 68-72, by virtue of which *when a matter is litigated between the parties they are bound in other proceedings by the adjudication upon litigated matters essential to the judgment.* In the same way, where the one in control of the action or the defense has no interest in the precise subject matter of the suit but controls it because of his connection with the transaction out of which the suit arose, he is bound by and entitled to the benefits of the rules of res judicata upon *issues which are actually litigated.*

"*The rule has no reference to the rules with reference to merger or bar*; since the one in control is not a party to the action, the cause of action upon which the judgment is based is necessarily a different cause of action from that which is the basis for a subsequent action between him and a party to the action. With reference to subsequent actions on other causes of action, however, where the control is open, a judgment has the same effect as if the person in control were a party to the action." (Italics added.)

Though couched in technical language, the meaning of the foregoing is clear. A nonparty who controls litigation may be collaterally estopped in respect of an issue which is litigated therein, but the rules with reference to merger and bar are not applicable. The rule of merger is stated in Restatement of Judgments, *supra*, section 47, page 181, as follows: "Where a valid and final personal judgment in an action for the recov-

ery of money is rendered in favor of the plaintiff, . . . the plaintiff can maintain an action upon the judgment."

The collateral estoppel rule is stated in sections 68 and 70 of the Restatement. Rather than authorizing a suit upon a judgment, collateral estoppel makes determinations of questions of fact and law "actually litigated and determined" in prior litigation conclusive in subsequent cases. (*Id.*, at pp. 293, 318.)

It is apparent that plaintiff is attempting to assert merger with respect to the Utah judgment against Ensign Company so as to maintain an action upon that judgment. The above quoted comment to Restatement of Judgments, section 84, makes it clear that he may not do so. If a timely action were brought in California against Robert W. Ensign to enforce his obligation as a general partner to pay the damages resulting from the partnership's breach of the joint venture agreement, a finding that he controlled the Utah litigation would justify collaterally estopping Ensign from denying the partnership's breach and the damages thereby resulting. But no such California action has been brought.[7] A sister state judgment proceeding under Code of Civil Procedure section 1710.15 is in legal effect an action upon the judgment. (See Law Revision Com. com. (1974) to Code Civ. Proc., § 1710.40, which states: "Section 1710.40 allows the judgment debtor to make a noticed motion to vacate the entry of judgment on any ground which would be a defense to an action in this state on the sister state judgment.")

We conclude, therefore, that the sister state judgment of September 20, 1976, cannot be upheld on the basis of Robert Ensign's control of the Utah litigation. This holding, however, does not determine any question relating to a Utah judgment against Ensign which may be rendered in the further proceedings there to be conducted. (See fn. 7, *ante.*)

---

[7]In the event further proceedings in Utah make such determinations pertinent, it will be up to the Utah courts to decide whether collateral estoppel is applicable and whether the statute of limitations is a defense which can be raised by Ensign in his answer. Subdivision (d) of Utah Rules of Civil Procedure 71B, does not expressly deal with the availability of the limitations defense, but allows the defendant to deny "his liability on the obligation." (Cf. Cal. Code Civ. Proc., § 992, applicable where a joint obligor is added *to a California proceeding*, which only allows defenses "existing at the commencement of the action." If the further proceedings in Utah result in a personal judgment against Ensign, it will be the basis for a new sister state judgment proceeding in California.

*Sister State Judgment Proceedings
Are Not an Allowable Means to Make
Ensign a Party to the Utah Judgment*

■ Though plaintiff's argument is difficult to follow, he apparently asserts that the naming of Ensign as a party in the sister state judgment proceedings was effective to require him to "overcome the existence of the Utah judgment" and his personal liability therefor as Ensign Company's general partner. The difficulty with this argument is its disregard of the required basis for the establishment of personal liability in an action upon a judgment. In *Gilmer* v. *Spitalny, supra,* 84 Cal. App.2d 39, 45, a sister state judgment against a wife was reversed. The judgment sued upon "was given against the defendant wife only insofar as her interest in community property is concerned...." The court said (*id.,* at pp. 44-45): "An action to enforce a personal liability cannot be maintained on a judgment unless it adjudicates a personal liability. (*Seligman* v. *Kalkman,* 17 Cal. 152.)"

*Seligman* v. *Kalkman* (1860) 17 Cal. 152, involved a suit upon a California judgment dissolving a partnership and directing an account. The referee's report finding plaintiffs to be creditors in specified amounts was approved and the partnership assets ordered distributed accordingly. When the creditors sued to establish such judgment as a judgment against a partner, the trial court found for the defendants. Affirming the judgment for the defendants, the court said (*id.,* at p. 162): "The evidence in this case was not sufficient to maintain the action. It was necessary for the plaintiffs to show a personal judgment to entitle them to recover; and the record in *Meyer* v. *Kalkman,* 6 Cal. 582, was insufficient for that purpose."

The order appealed from is affirmed.

Cobey, J., and Allport, J., concurred.