GARY ENERGY CORPORATION, a Delaware corporation, and Gary Refining Company, a Colorado joint venture, Plaintiffs,

v.

METRO OIL PRODUCTS, a Utah corporation, Defendant.

Civ. No. 86–C–0378W.

United States District Court,
D. Utah,
Central Division.

Feb. 4, 1987.

Stanford B. Owen, Anthony L. Rampton, Garry E. Jubber, Douglas B. Cannon, Salt Lake City, Utah, for plaintiffs.

L.R. Gardiner, Jr., Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendant Metro Oil Products' ("Metro Oil") motion to dismiss plaintiffs Gary Energy Corporation ("Gary Energy") and Gary Refining Company's ("Gary Refining") complaint. After considering the arguments of counsel, the memoranda and the relevant authority, the court now renders the following decision and order.

### I.

Plaintiffs Gary Energy and Gary Refining filed suit in this matter to collect payment of open accounts for petroleum products allegedly sold by plaintiffs to defendant. Metro Oil brings this motion to dismiss, arguing that one of the plaintiffs, Gary Refining, does not have the capacity to sue under Rule 17(b) of the Federal Rules of Civil Procedure. Gary Refining is a Colorado joint venture comprised of Gary Refining Company, Inc., a Colorado corporation with its principal place of business in Colorado, and Mesa Refining, Inc., a Delaware corporation, with its principal place of business in Colorado. Metro Oil argues that the joint venturers are the real parties in interest to this lawsuit, and that they must bring suit in their own names.

Under Fed.R.Civ.P. 17(b), the capacity of a partnership or other unincorporated association to sue or be sued in a diversity action is determined by the law of the state in which the district court is located. Accordingly, Utah law governs the capacity of Gary Refining to sue in its own name.

Under Utah law, joint ventures are subject to the same rules as are partnerships. Utah Code Ann. § 48–1–7 (Supp. 1986); *Kemp v. Murray*, 680 P.2d 758, 759 n. 1 (Utah 1984). Case law indicates that the Utah Supreme Court has not decided whether a partnership may bring suit in its own name, or if suit must be brought in the names of the partners. *Kemp v. Murray*, 680 P.2d 758, 759 (Utah 1984); *Wall Invest-*

*ment Co. v. Garden Gate Distrib., Inc.,* 593 P.2d 542, 544 (Utah 1979).

Since this issue has not been decided, this court must predict how the Utah Supreme Court would rule were this case before it. *Weiss v. United States,* 787 F.2d 518, 525 (10th Cir.1986). In predicting how the Utah Supreme Court would rule, this court must examine the policy considerations behind relevant Utah authority and doctrinal trends that these policy considerations suggest. *Id.* This court may also rely on policies and principles suggested by other analogous areas of Utah law and the decisions of other courts. *Id.; Daitom, Inc. v. Penn Walt Corp.,* 741 F.2d 1569, 1575 (10th Cir.1984).

## II.

The common law viewed partnerships as aggregates of individual members rather than as separate legal entities. For this reason lawsuits by or against partnerships in the firm name were prohibited. J. Crane & A. Bromberg, LAW OF PARTNERSHIP at 18 (1968).

Partnership law in most states is now governed by the Uniform Partnership Act ("UPA"). *Id.* at 15. The UPA, enacted in Utah in 1921,[1] does not explicitly adopt either an entity theory or an aggregate theory of partnership. Since its promulgation, courts and scholars have argued the merits of each position, with varying results. *See e.g., Layman v. Readers Digest Assoc., Inc.,* 412 P.2d 192, 196 (Okl. 1965) (partnerships are entities); *Watson v. G.C. Assoc. Limited Partnership,* 100 Nev. 586, 691 P.2d 417, 418–19 (1984) (partnerships are aggregates); *State v. Birch,* 36 Wash.App. 405, 675 P.2d 246, 248 (1984) (partnerships are both entities and aggregates) J. Crane & A. Bromberg, LAW OF PARTNERSHIP at 16–29 (1963) (entity theory predominates in UPA).

The Utah Supreme Court, in 1898, concluded that a partnership was a legal entity distinct from its partners. *Hamner v. B.K. Bloch & Co.,* 16 Utah 436, 52 P. 770 (1898). This early Utah decision was recently acknowledged by the Utah Court in *Wall Investment Co. v. Garden Gate Distrib., Inc.,* 593 P.2d 542, 544 n. 5 (1979). In *Wall* the Utah Supreme Court also acknowledged that the modern trend is to depart from the common law rule. *Id.* at 544. Although the Utah Court in *Wall* did not rule on the issue before this court, the dicta in that decision, coupled with the *Hamner* decision, leads this court to conclude that the Utah Supreme Court would authorize a partnership to bring suit in its own name.

Specific provisions in the Utah Code also suggest to this court that a partnership is an entity distinct from its partners. For example, Utah Code Ann. § 48–1–5 allows partnerships to acquire real property in the partnership name. The UPA also includes "partnerships" within the definition of "person." Utah Code Ann. § 48–1–1. The Uniform Commercial Code, although less relevant to this issue, also defines a partnership as a person.[2]

Defendant, however, argues that Rule 17(d) of the Utah Rules of Civil Procedure indicates lawsuits cannot be brought in the partnership name. Rule 17(d) provides that a partnership may *be sued* in its common name. However, the rule does not affirmatively allow or prohibit a partnership from *bringing suit* in its common name. The evidence of legislative intent and court dicta cited above convinces this court that the absence of a provision specifically authorizing a lawsuit in the partnership name is not indicative of an intent to prohibit such a suit. As the Montana Supreme Court concluded when faced with a provision nearly identical to Utah Rule 17(d):[3]

---

**1.** Utah Code Ann. §§ 48–1–1 to 48–1–40 (1981).

**2.** Utah Code Ann. § 70A–1–201(30) (1980) defines person as "an individual or organization." § 70A–1–201(28) includes "partnership" within the definition of "organization."

**3.** Mont.Code Ann. § 25–5–104 states:

    When two or more persons associated in any business transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in

"It would be illogical and unfair to conclude that a partnership may own a claim but cannot enforce it; may own property but cannot protect it; may be sued but cannot sue ..."

*Decker Coal Co. v. Commonwealth Edison Co.*, 714 P.2d 155, 157 (Mont.1986).

Accordingly,

IT IS HEREBY ORDERED that Metro Oil Products' motion to dismiss is denied. Gary Refining Company, a joint venture, is authorized to bring suit in its own name.

See also, 2nd Cir., 811 F.2d 136.

such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability.