[No. B054662. Second Dist., Div. Five. Nov. 7, 1991.]

ARTHUR J. BRINKER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PAGE REALTY CORPORATION, Real Party in Interest.

COUNSEL

Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, Charles X. Gormally, Lederer & Kotler and K. Kenneth Kotler for Petitioners.

No appearance for Respondent.

A. Marco Turk for Real Party in Interest.

## OPINION

**ASHBY, J.**—The respondent court granted real party's petition to vacate an arbitration award in petitioners' favor. Petitioners seek a writ of mandate directing the respondent court to vacate its order.

### FACTS AND PROCEDURAL HISTORY

Petitioners (the Brinkers), New Jersey residents, filed an action in the New Jersey Superior Court, Chancery Division, for specific performance and damages in connection with a real estate purchase contract. The Brinkers allege that they entered into a contract to purchase commercial real property in Lyndhurst, New Jersey for $3 million from real party Page Realty Corporation (Page). The sale was conditioned upon the Brinkers obtaining final approval from the New Jersey Economic Development Authority (EDA) making the transaction eligible for tax exempt bond financing. This in turn was contingent upon the premises being operated as a manufacturing

facility. Page agreed to pay the lessee, a trucking company, $65,000 to terminate its lease early.

At the closing on December 26, 1986, Page's agent assured the Brinkers that the payment and departure of the lessee had all been arranged, and the Brinkers closed the deal based upon that representation. However, Page subsequently refused to pay the $65,000, and because the lessee could not afford to move without that money, it did not vacate the premises. The Brinkers were thus prevented from obtaining EDA financing and satisfying the conditions of the sale agreement.

The Brinkers sought specific performance by Page of all the terms and conditions of the agreement, including the payment of the $65,000, and damages for breach of the agreement. In its answer, Page asserted that the Brinkers had not met the EDA deadline, and sought reconveyance of the property.

The sale agreement contained an arbitration clause, which provided: "Any dispute arising hereunder shall be settled by arbitration in Los Angeles, California in accordance with the rules and regulations of the American Arbitration Association." (Los Angeles was selected as the locale for the arbitration because David Brody, Page's principal shareholder, is 86 years old, in ill health, and lives in Los Angeles.) Page filed a motion, pursuant to New Jersey Statutes Annotated section 2A:24-4 (comparable to Code Civ. Proc., § 1281.4) to stay the Brinkers' lawsuit pending arbitration. The superior court in New Jersey granted the motion.

The arbitration proceeded in Los Angeles, and on April 13, 1990, the arbitrators returned an award in favor of the Brinkers for $155,000, plus 10 percent interest, $30,000 for attorney and other fees, and the cost of the property appraisal.

The Brinkers filed a motion in the superior court in New Jersey to confirm the arbitration award. Page sought to reduce the award and the Brinkers asked the arbitrators to "clarify" the award because certain fees incurred by the Brinkers had been omitted. On April 14, 1990, the arbitrators forwarded a corrected award, increasing the award to the Brinkers to $181,633.07 to reflect these additional expenses. Page objected to the "correction," but the objection was untimely under American Arbitration Association rules. Page then filed an unsuccessful cross-motion to vacate the award.

On June 22, 1990, the superior court in New Jersey filed its order and judgment confirming the arbitration award, and denying Page's motion to

vacate it. Judgment was entered in favor of the Brinkers in the amount of $226,090.07, on July 11, 1990.

The Brinkers obtained a writ of execution on the judgment, but Page stayed execution of the judgment by filing a notice of appeal on August 6, 1990. That appeal is still pending.

On August 22, 1990, Page filed a petition in the respondent court to vacate the arbitration award. On November 1, 1990, the respondent court granted the motion on the ground that the arbitrators exceeded their authority in correcting the award. (Code Civ. Proc., § 1286.2, subd. (d).) The respondent court ordered that the matter be rearbitrated before a different panel of arbitrators.

At the time Page filed its motion to vacate the award, the order of the New Jersey superior court had been reduced to a judgment entitled to res judicata effect. The respondent court abused its discretion by failing to give "full faith and credit" to that judgment. The petition is therefore granted.

## DISCUSSION

■ Article IV, section 1 of the United States Constitution provides that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." The Federal Judicial Code further provides, "Such Acts, records and judicial proceedings or copies thereof . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." (28 U.S.C. § 1738.) "It has long been the law that 'the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced.'" (*Thomas* v. *Washington Gas Light Co.* (1980) 448 U.S. 261, 270 [65 L.Ed.2d 757, 766, 100 S.Ct. 2647].) "'The rare exceptions to the application of the full faith and credit clause arise only when there is a violation of some fundamental state public policy . . . . [T]here is no precedent for an exception in the case of a money judgment in a civil suit.'" (*Silbrico Corp.* v. *Raanan* (1985) 170 Cal.App.3d 202, 208 [216 Cal.Rptr. 201], citing *United Bank of Denver* v. *K & Y Trucking Co.* (1983) 147 Cal.App.3d 217, 222 [195 Cal.Rptr. 49].)

Therefore, under California law, the judgment of a sister state must be given full faith and credit if that sister state had jurisdiction over the parties and the subject matter, and all interested parties were given reasonable notice and opportunity to be heard. (*World Wide Imports, Inc.* v. *Bartel*

(1983) 145 Cal.App.3d 1006, 1010 [193 Cal.Rptr. 830].) All these criteria were met in the present case.

The dispositive issue in this proceeding is the effect of the pending New Jersey appeal on the New Jersey judgment confirming the arbitration award. Under California law, both the validity and effect of a foreign judgment are governed by the laws of the state in which it is rendered. (*Krofcheck* v. *Ensign Co.* (1980) 112 Cal.App.3d 558 [169 Cal.Rptr. 516].) Under New Jersey law, a judgment is "final" for res judicata purposes, even though it is pending on appeal. (*Gregory Marketing Corp.* v. *Wakefern Food Corp.* (1985) 207 N.J.Super. 607, 504 A.2d 828, 837; accord, *Matter of Jersey City Medical Center* (3d Cir. 1987) 817 F.2d 1055, 1059, fn. 6.) Accordingly, the New Jersey judgment confirming the arbitration award in favor of the Brinkers was entitled to full faith and credit.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of November 7, 1990, granting the petition of real party Page to vacate arbitration award, and enter a new and different order denying the petition.

Turner, P. J., and Boren, J., concurred.