Filed 3/12/18 (unmodified opn. attached)
<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re the Marriage of DIANE and JOSEPH CONNOLLY. | C080256 & C083238 |
| DIANE CONNOLLY, | (Super. Ct. No. PFL20030299) |
| Respondent, | |
| v. | MODIFICATION OF OPINION |
| JOSEPH CONNOLLY, | [NO CHANGE IN JUDGMENT] |
| Appellant; | |
| EL DORADO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

_____

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part III.

1

THE COURT:

It is ordered that the opinion filed herein on February 9, 2018, be modified as follows:

1.     On page 9, the last sentence of the second paragraph should be deleted and replaced with the following sentence:

Rather than a controlling order, we find the Utah judgment to be an order from a determination of arrears, an action recognized and authorized in UIFSA.  (See Fam. Code, § 5700.305, subd. (b)(4); Utah Code Ann., § 78B-14-305, subd. (2)(d).)

The paragraph shall now read:

Here, the Utah judgment does not conflict with the California support order.  It does not change the amount of support due or otherwise modify the California support order.  Rather, it simply calculates the arrearages for both spousal and child support as of November 2012.  Rather than a controlling order, we find the Utah judgment to be an order from a determination of arrears, an action recognized and authorized in UIFSA. (See Fam. Code, § 5700.305, subd. (b)(4); Utah Code Ann., § 78B-14-305, subd. (2)(d).)

This modification does not change the judgment.

FOR THE COURT:

_____/s/_____
Blease, Acting P. J.

_____/s/_____
Hull, J.

_____/s/_____
Duarte, J.

2

Filed 2/9/18 (unmodified opn.)

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re the Marriage of DIANE and JOSEPH CONNOLLY. | C080256 & C083238 |
| DIANE CONNOLLY, | (Super. Ct. No. PFL20030299) |
| Respondent, | |
| v. | |
| JOSEPH CONNOLLY, | |
| Appellant; | |
| EL DORADO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part III.

APPEAL from a judgment of the Superior Court of El Dorado County, Douglas C. Phimister, Judge.  Reversed with directions.

Law Office of Linda J. Conrad and Linda J. Conrad; Joseph Connolly, in pro. per., for Appellant.

Diane M. Connolly, in pro. per., for Respondent.

Xavier Becerra, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Linda M. Gonzalez, Supervising Deputy Attorney General and Jennevee H. De Guzman, for Intervener and Respondent.

Joseph Connolly appeals from various orders entered during his long-running dispute with his ex-wife Diane Connolly over spousal and child support arrearages.[1] Joseph challenges a 2015 order that denied his motion to terminate the jurisdiction of California courts over his support obligations and imposed interest, under California law, on a judgment of consolidated arrearages obtained in Utah.  He also challenges a 2016 order that denied his motion to stay enforcement of the 2015 order.  His basic contentions are that (1) California lacked jurisdiction to enter the orders because the Utah judgment on arrearages was the "controlling order" under the Uniform Interstate Family Support Act (UIFSA), and (2) by adding interest to the arrearages, California failed to grant full faith and credit to the Utah judgment, which did not include interest.

We conclude that the judgment entered in Utah was not a controlling order under UIFSA, but nonetheless conclude the trial court erred in adding California interest to this final money judgment.  We reverse the portion of the 2015 order that purports to add interest to the Utah judgment and remand for further proceedings.

---

[1] Postjudgment orders relating to spousal and child support are appealable.  (Code Civ. proc., § 904.1, subds. (a)(2) & (10); Fam. Code, § 3554.)  Because the parties share a surname, we refer to them by their respective first names.

# FACTUAL AND PROCEDURAL BACKGROUND[2]

*Original California Court Orders*

Joseph and Diane were married in 1988 and had two sons, born in February 1991 and November 1994. In August 2004, the marriage was dissolved and the El Dorado County Superior Court (the California court) ordered Joseph to pay Diane $400 a month in spousal support. Joseph, Diane, and the children then moved to Utah. Joseph returned to California in March 2005, where he remained until he returned to Utah in May 2010. He stayed in Utah until July 2013, at which time he returned to California.

In November 2005, the California court ordered Joseph to pay $1,610 a month in child support, commencing August 2005. The court also ordered Joseph to pay $100 a month in arrearages beginning October 2005.

In 2009, the parties stipulated to modify the support orders effective June 1. The California Court reduced Joseph's child support obligation to $1,023 a month, reflecting that the older son had reached age 18 and presumably finished high school (Fam. Code, § 3901, subd. (a)), and also reduced Joseph's spousal support obligation to $372 a month.

*The Utah Judgment*

In 2012, when all parties were living in Utah, Diane transferred support enforcement from the El Dorado County Department of Child Support Service (the Department) to the Utah Office of Recovery Services (Utah ORS). The Utah ORS sent Joseph a notice that he owed $65,704.93 in past due support. The record does *not* reveal how this amount was calculated or whether it included interest. In response, Joseph requested an adjudicatory hearing to review the amount of arrearages.

---

[2] Appellant's request for judicial notice was ruled on by this court on June 28, 2017 (granted as to the record in the companion case and documents judicially noticed by the trial court, and otherwise denied).

3

In December 2012, the Utah ORS issued an order and decision finding that as of November 30, 2012, Joseph owed $30,580.66 in child support arrears and $19, 911.07 in spousal support arrears, for a total of $50,491.73. The order did not include interest on arrearages. Utah's policy was not to collect interest on an out-of-state support order unless the amount had been reduced to a lump sum by judicial order or judgment or the initiating state (here California) had calculated the interest and provided the Utah ORS with the specific interest amount. Diane did not request a hearing to contest the validity of the order.

In May 2013, Diane filed an order to show cause in Utah for a judgment against Joseph for $69,537.70 for child and spousal support arrearages as of April 5, 2013. In June, the Utah court found Diane had not appealed the administrative order on arrearages so the $50,491.73 order stood. After a hearing on Diane's objection in August, the Utah court found no abuse of discretion in the June determination that the administrative order should stand. The court entered judgment on that order in the amount of $50,491.73 (the Utah judgment).

*Litigating the Utah Judgment in California*

In October 2013, Joseph moved in the California court to terminate spousal support. This motion was not heard until the following October; in the meantime, California courts addressed various other motions by the parties, such as for contempt and sanctions. The California court reduced the amount of spousal support to zero effective October 28, 2013, but found it "inappropriate" to disturb the Utah judgment on spousal support arrearages.

In 2014, the Utah ORS terminated its child support services and the Department reopened its child support case. In June 2014, the California court issued an income

4

withholding order of $535 a month against Joseph's Coast Guard pension.[3]  In August, this order was amended to increase the withholding to $1,007 a month.

Diane applied to determine spousal support arrearages and asked that interest be "reattached" to the Utah judgment.  In February 2015, Joseph moved to terminate California's jurisdiction over his support obligations.  He argued "Utah has the most appropriate responsibility for what is left, which is to enforce that state's 2013 judgment of support arrearages [the Utah judgment]."

*2015 Order on Appeal*

The California court held a hearing on June 10, 2015.  Because the parties had filed multiple motions raising the same issues multiple times, the court asked the parties why they were in court and addressed only the issues they identified then even if those issues were not the same as those in the written motions.  The court determined the hearing was to address whether to (1) continue the withholding order, (2) add interest to the Utah judgment, and (3) terminate California's jurisdiction.  The court noted that the Utah judgment could not be modified by a California court, but found the "more troubling question" was whether Utah allowed interest to accrue.  It concluded the answer was irrelevant because the California Constitution allowed for 10 percent interest on judgments of support arrearages.  The court reasoned the Utah judgment was based on a California judgment (the original support order) and the Utah court had no power to set aside the California Constitution.  The court determined the Utah judgment was not an out-of-state judgment, but instead was a California judgment merely "clarified" by the Utah court.

The California court modified the income withholding order from $1,007 to $600 a month.  It denied Joseph's motion for termination of child and spousal support

---

[3]  Joseph was retired from the Coast Guard and his sole income was his pension.  Most (if not all) of the support payments came from withholding orders on his pension.

jurisdiction. It found "that child and spousal support arrears were adjudicated by Utah on December 27, 2012, and entered as a judgment against [Joseph] by the Utah District Court on August 30, 2013 in the amount of $50,491.73," and "that Utah's judgment is subject to California's statutory interest rate on arrears."

Joseph appeals from this order (the 2015 order) in case No. C080256.

*2016 Order on Appeal*

On January 25, 2016, Joseph contested enforcement of the support arrearages, again arguing that the California court could not modify the Utah judgment to add interest. Joseph declared that the Department had issued an audit of $22,347.93 in past-due child support and $21,582.52 in interest pursuant to Code of Civil Procedure section 685.010. The audit (which is not in the record) cited the case number of the Utah judgment.

In response, Diane requested the matter be dismissed with prejudice, arguing the court had already ruled upon all contested issues. The motion was eventually heard May 26, 2016. The California court denied Joseph's motion contesting enforcement of the support arrearages with prejudice. On August 17, 2106, the court found no issues for trial and denied a stay of enforcement.

Joseph appeals from the resulting order (the 2016 order) in case No. C083238.

**DISCUSSION**

I

*Jurisdiction under UIFSA*

Joseph contends the California courts had no jurisdiction over the support orders pursuant to the provisions of UISFA, and therefore both the 2015 and 2016 orders were invalid.

UIFSA "governs, inter alia, the procedures for establishing, enforcing and modifying child support orders in cases in which more than one state is involved." (*In re Marriage of Crosby & Grooms* (2004) 116 Cal.App.4th 201, 206 (*Crosby*).) The goal of

6

UIFSA is to ensure that " 'only one valid support order may be effective at any one time' [citation], even though the parties and their children may move from state to state." (*In re Marriage of Amezquita & Archuleta* (2002) 101 Cal.App.4th 1415, 1420.) " '[T]he central jurisdictional feature of UIFSA is the concept of continuing, exclusive jurisdiction. Under UIFSA, a court that makes a valid child support order retains exclusive jurisdiction to modify the order as long as the requirements for continuing, exclusive jurisdiction remain fulfilled. The court of another state may enforce a child support order registered in that state, but may not modify it unless the decree state has lost its continuing, exclusive jurisdiction.' [Citations.]" (*Knabe v. Brister* (2007) 154 Cal.App.4th 1316, 1319 (*Knabe*).)

Although all 50 states have adopted UIFSA (*Crosby, supra*, 116 Cal.App.4th at p. 206), California and Utah adopted different versions at various times. In California, the Legislature adopted the 1996 version of UIFSA in 1997. (Stats.1997, ch. 194, § 2, pp. 878-897.) California adopted the 2001 version of UIFSA, but the Legislature conditioned its effectiveness on certain events which did not occur. (See *In re Marriage of Haugh* (2014) 225 Cal.App.4th 963, 968, fn. 2; *Knabe, supra,* 154 Cal.App.4th at p. 1319, fn. 2.) In 2015, California adopted the 2008 version of UIFSA, effective January 1, 2016. (Stats. 2015, ch. 493, § 5.) Utah adopted the 2001 version of UIFSA in 2008 (Utah Laws 2008, ch. 3, § 1307, eff. Feb. 7, 2008) and the 2008 version in 2015. (Utah Laws 2015, ch. 45, § 6, eff. July 1, 2015.)

Thus, at the time of the 2013 Utah judgment, the 2001 version of UIFSA applied in Utah; at the time of the 2015 California order, the 1996 version of UIFSA applied in California; and at the time of 2016 California order, the 2008 version of UIFSA applied in California.

Joseph contends California had no jurisdiction to make the 2015 order (continuing the withholding order and adding interest to the Utah judgment) because the Utah

7

judgment was the controlling order under UIFSA, giving Utah continuing, exclusive jurisdiction.

Under UIFSA, the rules differ for spousal support and child support. A state issuing a spousal support order has continuing, exclusive jurisdiction over the spousal support order throughout the existence of the support obligation. (1996 UIFSA § 205, subd. (f); Former Fam. Code, § 4909, subd. (f), added Stats. 1997, ch. 194, § 1, p. 882 [see Fam. Code, § 5700.211, subd. (a)].)

As to a child support order, the issuing state has continuing exclusive jurisdiction over the child support order so long as the issuing state remains the residence of the obligor, the individual obligee, or the child, or the parties consent to jurisdiction. (Former Fam. Code, § 4909, subd. (a); Stats. 1997, ch. 194, § 1, p. 881 [see Fam. Code, § 5700.205, subd. (a)].) Joseph asserts that when all the parties moved to Utah, California lost jurisdiction. He further contends the Utah judgment on arrearages then became the controlling support order. His reasoning is based on the definitions in UIFSA. A child support order is "a support order for a child." (Utah Code Ann., § 78B-14-102, subd. (2); [see Fam. Code, § 5700.102, subd. (2)].) A support order is a "judgment" "issued in a state . . . for the benefit of a child" "which provides for monetary support, health care, *arrearages*, retroactive support, or reimbursement for financial assistance provided to an individual obligee in place of child support." (Utah Code Ann., § 78B-14-102, subd. (28); [see Fam. Code, § 5700.102, subd. (28)], italics added.)

When two or more child support orders have been issued, UIFSA provides for determining which order is the controlling order. (Utah Code Ann., § 78B-14-207, subd. (2); [see Fam. Code, § 5700.207, subd. (b)].) Under these provisions of UIFSA, Joseph contends that in 2013 when the Utah judgment was entered, the Utah judgment was controlling because Utah was then the current home state of the child. (Utah Code Ann., § 78B-14-207, subd. (2)(B); [see Fam. Code, § 5700.207, subd. (b)(2)(A).)

We disagree with Joseph's reasoning and reject his argument that California lacked jurisdiction to issue the 2015 order because we find the Utah judgment was not a "child support order" for purposes of UIFSA and thus was not a controlling order. While viewing the definition section of UIFSA in isolation could lead to the conclusion a judgment for arrears is a support order, "[w]e do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) We also consider "the object to be achieved and the evil to be prevented by the legislation." (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159.) " 'UIFSA aims to cure the problem of conflicting support orders entered by multiple courts . . . .' " (*Lundahl v. Telford* (2004) 116 Cal.App.4th 305, 315.)

Here, the Utah judgment does not conflict with the California support order. It does not change the amount of support due or otherwise modify the California support order. Rather, it simply calculates the arrearages for both spousal and child support as of November 2012. Rather than a controlling order, we find the Utah judgment to be a judgment of consolidated arrears, a term recognized in UIFSA. (See Fam. Code, § 207, subd. (h); Utah Code Ann., § 78B-14-207, subd. (8); Fam. Code, § 5700.604, subd. (d); Utah Code Ann., § 78B-14-604.)

The provisions of UIFSA do not determine jurisdiction over spousal support orders. California, as the issuing state, had continuing, exclusive jurisdiction over spousal support. (Former Fam. Code, § 4909, subd. (f), Stats. 1997, ch. 194 [see Fam. Code, § 5700.211, subd. (a)].) Further, California had jurisdiction over child support because Joseph was a resident of California and Diane consented to jurisdiction. (Former Fam. Code, § 4905, subd. (2); Stats. 1997, ch. 194, § 1, p. 880; [see Fam. Code, § 5700.201, subd. (a)(2)].) Thus, California had jurisdiction to issue the 2015 order.

9

## II

### *Full Faith and Credit*

Joseph contends the California court erred in adding interest to the Utah judgment. He contends res judicata and the full faith and credit clause of the United States Constitution bar modifying the Utah judgment to add interest to it.[4]

Article IV, section 1 of the United States Constitution, in its pertinent part, provides that "[f]ull faith and credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."  "Regarding judgments, . . . the full faith and credit obligation is exacting.  A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."  (*Baker v. General Motors Corp.* (1998) 522 U.S. 222, 233 [139 L.Ed.2d 580].)

Under the Federal Judicial Code, "Such Acts, records and judicial proceedings or copies thereof . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."  (28 U.S.C. § 1738.)  "It has long been the law that 'the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced.' "  (*Thomas v. Washington Gas Light Co.* (1980) 448 U.S. 261, 270 [65 L.Ed.2d 757].)

The Department contends Joseph's contention fails because it is premised on the assertion that the Utah judgment was a controlling order under UIFSA, and it was not. Although it is true that Joseph's argument is based on his incorrect assertion that the Utah

---

[4]  Because we decide this issue under the full faith and credit clause of the United States Constitution, we need not address Joseph's argument about the full faith and credit for child support orders act.  (28 U.S.C. § 1738B.)

10

judgment was a controlling order under UIFSA, his argument does not depend on that classification. The full faith and credit clause applies to *any* final judgment; it need not be a controlling order.

Diane contends the Utah judgment was not a final judgment as to *all* the arrearages owing. She notes the spousal support order continued in effect until October 2013 and the child support order continued in effect until July 2013, while the Utah judgment adjudicated arrearages only as of November 30, 2012. While there may be additional arrearages owing, the Utah judgment is a final judgment as to the arrearages owing as of November 30, 2012.

The Department next contends the California court was required to recognize only the amount of arrearages adjudicated by the Utah judgment. The Department contends the Utah judgment is not res judicata on the issue of interest because that issue was not adjudicated in Utah. This contention fails. The Utah judgment is entitled to "the same credit, validity, and effect" in California that it had in Utah. (*Brinker v. Superior Court* (1991) 235 Cal.App.3d 1296, 1299.) In Utah, res judicata " ' "precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action." ' " (*Buckner v. Kennard* (Utah 2004) 99 P.3d 842, 846; accord *Villacres v. ABM Industries Inc*. (2010) 189 Cal.App.4th 562, 583-584.) As explained, Utah policy is to include interest on arrearages only where the interest has been reduced to a lump sum or the initiating state has calculated it. Thus, the Utah judgment *could have* included interest if the amount had been provided to the Utah ORS. Since the issue of interest could have been litigated and was not, the Utah judgment is res judicata on that issue.

Because the Utah judgment is a final money judgment on arrearages owed as of November 30, 2012, and the issue of interest could have been litigated, the California court erred in modifying the judgment to add California interest.

11

## III

### *Failure to Issue Statement of Decision*

In case No. C083238, Joseph challenges the 2016 order denying a stay of enforcement of the 2015 order. Many of the issues he raises are the same as those raised when challenging the 2015 order, involving the jurisdiction of California courts and the nature of the Utah judgment, and we have resolved them *ante*. The only different issue is Joseph's contention that the trial court erred in failing to issue a statement of decision.

Joseph contends he was entitled to a statement of decision under Family Code section 3654. That section provides: "At the request of either party, an order modifying, terminating, or setting aside a support order shall include a statement of decision." Joseph argues the California courts have improperly modified the Utah judgment which he characterizes as a support order. While we agree the California court improperly modified the Utah judgment by adding interest to it, we have already declined to hold that the Utah judgment is a support order. Thus, Family Code section 3654 has no application.

Joseph also seeks a statement of decision under Code of Civil Procedure section 632. That section provides in part: "In superior courts, *upon the trial* of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues *at trial* upon the request of any party appearing at the trial." (Italics added.)

Generally, "a statement of decision is not required upon decision of a motion." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294.) Although the matter was set for a trial setting conference, the court found no issues for trial. It ruled only on Joseph's motion to stay enforcement of the 2015 order and denied it. Joseph has not shown that the ruling on this motion comes within an exception to the general rule that such rulings do not require

12

a statement of decision. Further, since he requests the matter not be remanded for a statement of decision, it is unclear what, if any, relief he seeks on this point.

## DISPOSITION

The portion of the 2015 order applying California interest to the Utah judgment is reversed. The matter is remanded for further proceedings not inconsistent with this opinion. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
Duarte, J.

We concur:


/s/
Blease, Acting P. J.


/s/
Hull, J.

13