Filed 2/5/25  Howell Management Services v. Vashisht-Rota CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| HOWELL MANAGEMENT SERVICES, LLC,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>APARNA VASHISHT-ROTA,<br><br>Defendant and Appellant. | D084575<br><br><br>(Super. Ct. No. 37-2024-00005370-CU-EN-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

Aparna Vashisht-Rota, in pro. per., for Defendant and Appellant.

Law Office of Timothy A. Horton and Timothy A. Horton for Plaintiff and Respondent.

Howell Management Services, LLC, recovered a multimillion-dollar judgment against Aparna Vashisht-Rota for defamation in a Utah state court and then obtained a California judgment based on the Utah judgment.  The superior court denied Rota's motion to vacate the California judgment.  Rota appeals the denial order.  She contends the superior court should have granted her motion because there are claims and defenses on which the Utah

court did not rule or lacked jurisdiction to rule, the Utah court proceedings were unfair and violated her due process rights, and the Utah court made findings inconsistent with those made in an arbitration proceeding between herself and a third party. We affirm.

## I.

## BACKGROUND

### A. *Parties and Relationships*

Howell Management Services, LLC (HMS), is a Utah entity with its principal place of business in Utah. HMS contracts with colleges and universities to recruit mostly international students for enrollment. Its managing member is Christopher N. Howell.

Rota is a resident of San Diego County. She was the managing member of August Education Group, LLC (AEG), a California entity that provided consulting services.

Beginning in 2015, HMS and AEG entered into a series of four agreements by which AEG agreed to perform services for HMS as an independent contractor. Rota, on behalf of AEG, repudiated the fourth agreement in May 2017.

### B. *Utah Litigation*

In November 2017, after Rota and AEG made several demands for compensation, HMS sued them in the First Judicial District Court of the State of Utah (the Utah court) for breach of contract. HMS sought a declaration it owed Rota and AEG no money and an injunction to enforce posttermination obligations of the third agreement.

Rota filed a complaint against HMS and Howell in the Utah court for unpaid wages and harassment. She filed numerous frivolous motions and papers that contained disrespectful language and baseless conspiracy

2

theories. The Utah court dismissed the complaint, declared Rota a vexatious litigant, and prohibited her from filing documents without the assistance of counsel. (*Vashisht-Rota v. Howell Mgmt. Services* (Utah Ct.App. 2021) 503 P.3d 526, 528–529.)

AEG and Rota moved the Utah court to compel HMS's claims against them to arbitration and to stay the court proceedings based on an arbitration clause of the second agreement between AEG and HMS. In denying the motion, the Utah court ruled the arbitration clause of the second agreement did not deprive the court of jurisdiction, because the third agreement superseded the second agreement, was binding on the parties, and contained no arbitration clause. The third agreement provided it shall be governed by and construed in accordance with the laws of the State of Utah and required the parties to submit disputes to the exclusive jurisdiction of the courts of the State of Utah.

HMS amended its complaint to add claims for interference with existing economic relations, defamation, and injurious falsehood. Rota and AEG filed an answer denying HMS's allegations and a counterclaim alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. The parties stipulated to a protective order to preserve the confidentiality of business information that would be disclosed in the litigation.

In February 2019, HMS moved the Utah court to enjoin AEG and Rota from sending defamatory communications to entities doing business with HMS. HMS alleged Rota had sent e-mails to universities and other entities with contracts with HMS in which she falsely accused Howell and HMS of sexual misconduct, sexual harassment, discrimination, dishonesty, and other wrongdoing. Over Rota and AEG's opposition, the court issued an injunction

3

prohibiting them from sending communications that contained such accusations or disclosed confidential and proprietary information involved in the dispute.

In June 2019, HMS moved the Utah court to order Rota and AEG to show cause why they should not be held in contempt for violating the protective order by disclosing confidential business information from the Utah litigation in an unrelated arbitration proceeding Rota and AEG initiated against Michael Hernandez concerning money owed under a referral fee agreement between Hernandez and AEG. After full briefing and an evidentiary hearing, in September 2020 the Utah court found Rota and AEG had willfully violated the protective order by disclosing protected documents to persons not authorized to receive them, had previously violated the protective order and been sanctioned for discovery misconduct, and had engaged in persistent discovery misconduct in bad faith. As a sanction, the court ordered their answer and counterclaim stricken and their default entered on HMS's complaint. An interlocutory appeal of the order was allowed but ultimately dismissed as a sanction for Rota's "extraordinar[il]y voluminous" and "inappropriate" filings that included accusations of "deliberate delay, corruption, bias, racism, and misogyny" against the judicial officers involved in the case.

In September 2023, the Utah court held an evidentiary hearing on HMS's damages. Although Rota and AEG had been given notice of the hearing, they did not appear. After the hearing, the court issued findings of fact and conclusions of law in which it: (1) confirmed it had subject matter and personal jurisdiction; (2) found Rota liable for defamation for accusing Howell and HMS of sexual misconduct, sexual harassment, discrimination, and criminal acts with knowledge the accusations were false and with intent

4

to injure HMS, and awarded HMS $2,000,000 as general damages, $1,859,175 as special damages, and $5,000,000 as punitive damages; (3) declared all contracts between the parties were terminated and HMS owed Rota and AEG no money; and (4) directed HMS to prepare a money judgment that incorporated by reference the findings of fact and conclusions of law.  A judgment was entered in favor of HMS and against Rota and AEG on October 18, 2023, for $8,859,175.  Rota's appeal of the judgment was dismissed.

C.    *California Litigation*

In February 2024, pursuant to the Sister State Money Judgments Act (the Act; Code Civ. Proc., § 1710.10 et seq.), HMS filed an application in the superior court for entry of a judgment against Rota based on the Utah court's judgment.  HMS did not seek entry of judgment against AEG, apparently because it had been dissolved.  The superior court clerk entered a judgment in favor of HMS and against Rota for $9,034,805.27, which included accrued interest.

Rota filed a motion to vacate the judgment.  (Code Civ. Proc., § 1710.40.)  She argued the Utah court denied her due process of law and a fair trial, the Utah court had no jurisdiction, she had defenses she could not present to the Utah court, the Utah judgment was not owed full faith and credit, and the Utah judgment was not final or unconditional.[1]  HMS filed

---

1    Rota also requested the superior court consider transferring the matter to federal court.  She renews the request in this court, claiming the federal court would have jurisdiction based on diversity of citizenship.  (28 U.S.C. § 1332.)  Rota cites no authority for such a transfer, and we are aware of none.  The request is denied.

opposition to the motion.  The superior court held a hearing and denied the motion.[2]

Rota appealed the denial order.  (See *Silbrico Corp. v. Raanan* (1985) 170 Cal.App.3d 202, 206 [to challenge judgment entered on sister state judgment, party should move to vacate and appeal denial order]; *Fishman v. Fishman* (1981) 117 Cal.App.3d 815, 819 ["the Legislature intended that the order on the motion to vacate should be appealable"].)[3]

## II.

## DISCUSSION

A.    *Parties' Contentions*

Rota attacks the superior court's order denying her motion to vacate the judgment.  Although her opening brief is poorly organized and difficult to follow, we discern four grounds of attack:  (1) the Utah court lacked jurisdiction; (2) the Utah court denied her due process of law and a fair trial; (3) the Utah judgment is not final in that she has claims and defenses the

---

[2]    The superior court considered only the first 15 pages of the 49-page memorandum Rota had filed in support of her motion to vacate the judgment. She says the "[c]ourt could have asked [her] to file a shorter brief if it found it too confusing," and asks us to "allow her to redo her [m]otion to vacate on appeal."  Because the memorandum exceeded the allowed length of 15 pages, the court had discretion to refuse to consider it at all.  (Cal. Rules of Court, rules 8.113(d), (g), 1300(d).)  It acted within its discretion by considering only the first 15 pages.  We deny Rota's request to allow her to redo the motion by filing a shorter memorandum.

[3]    In the portion of her opening brief on appealability, Rota references statutory provisions authorizing appeals from an interlocutory judgment or order directing payment of monetary sanctions (Code Civ. Proc., § 904.1, subd. (a)(11), (12)), an order denying a special motion to strike a strategic lawsuit against public participation (SLAPP) (*id.*, subd. (a)(13)), and an order denying a motion to compel arbitration (*id.*, § 1294, subd. (a)).  None of those provisions authorizes this appeal.

Utah court did not adjudicate; and (4) the Utah court made findings inconsistent with those made in the arbitration proceeding she initiated against Hernandez.

HMS defends the superior court's order. It argues Rota has not met her burden to establish reversible error, because she failed to provide this court with an adequate record and to cite the record in her opening brief. HMS also argues none of Rota's grounds of attack has merit, and the Utah judgment is entitled to full faith and credit in California.

B.    *Forfeiture*

Rota has forfeited her appeal. To obtain relief from this court, she must overcome the presumption the superior court's order is correct by affirmatively showing prejudicial error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 546 (*Herrera*).) As the appellant, Rota bears the burden to provide this court with a record adequate to permit review of her claims of error. (*Jameson*, at p. 609; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Bowser v. Ford Motor Co.* (2022) 78 Cal.App.5th 587, 610 (*Bowser*).) She also bears the burden to "comply with certain briefing requirements in California Rules of Court, rule 8.204." (*Herrera*, at p. 546.) Rota has not met these burdens.

For the record on appeal, Rota elected to file an appellant's appendix. (Cal. Rules of Court, rule 8.124.)[4] Her appendix contains only an incomplete

---

[4]    Rota also filed two requests for judicial notice and another document we construed as a third request. She seeks judicial notice of: (1) an order granting a motion to file a third amended complaint in a federal court action she filed against HMS, Howell, and Hernandez; (2) an order of the Utah Court of Appeals affirming an order of the Utah district court quashing a subpoena she issued to HMS seeking documents for use in a California lawsuit; (3) a draft proposed order in HMS's Utah court action against her

copy of her motion to vacate the judgment and the attached exhibits. She did not include many required documents, such as the notice of appeal, the order appealed from and any notice of its entry, and the register of actions. (Cal. Rules of Court, rules 8.122(b)(1), 8.124(b)(1)(A).) Rota also failed to include the judgment she moved to vacate and the papers HMS filed in opposition to the motion, which are "necessary for proper consideration of the issues" and which Rota "should reasonably assume [HMS] will rely on." (*Id.*, rule 8.124(b)(1)(B).) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Herrera, supra*, 67 Cal.App.5th at p. 547.) Where, as here, "the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.)

Rota's briefing is also inadequate. Among other things, an opening brief must include a "summary of the significant facts limited to matters in the record" (Cal. Rules of Court, rule 8.204(a)(2)(C)) and citations to the record for any factual assertions in the brief (*id.*, rule 8.204(a)(1)(C)). Rota's opening brief does not contain the required factual summary. We had to gather the facts necessary to understand the case mainly from documents supplied by HMS. Rota makes many factual assertions in her brief but does not support any by "a citation to the volume and page number of the record

and AEG; (4) the superior court's order denying without prejudice HMS's motion to declare her a vexatious litigant; (5) an order denying her motion to disqualify the judge in her Utah court action against HMS and Howell; and (6) an unfiled copy of the reply to HMS's opposition to her motion for preliminary injunction in the superior court. We deny the requests because consideration of the attached documents is not necessary, helpful, or relevant to our resolution of the issues on appeal. (*WV 23 Jumpstart, LLC v. Mynarcik* (2022) 85 Cal.App.5th 596, 604, fn. 2; *Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809, 819.)

where the [fact] appears." (*Ibid.*) The citations she did include were to entry numbers in the register of actions, not to any specific page of her appellant's appendix. Factual contentions unsupported by proper record citations are forfeited. (*Rogers v. Roseville SH, LLC* (2022) 75 Cal.App.5th 1065, 1072; *Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1191.) By filing such a "seriously defective" brief, Rota "has not clearly demonstrated that the trial court erred." (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 868–869.)

Rota suggests that because she is representing herself we should not demand strict compliance with procedural requirements lest she lose her right to a hearing on the merits. We must treat self-represented parties the same way we treat parties represented by attorneys. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.) Self-represented parties, like those represented by attorneys, must follow the procedural rules governing appeals. (*Elena S.*, at p. 574; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.)

We could affirm the superior court's order based on Rota's failure to submit an adequate record and opening brief. Nevertheless, we have decided to consider her claims of error and to explain briefly why none has merit. (See, e.g., *Bowser, supra*, 78 Cal.App.5th at p. 610.)

9

C.     *Merits*

Rota contends the superior court should have vacated the California judgment because the Utah court lacked jurisdiction and denied her due process of law and because its judgment was not final and contradicted the arbitration award she obtained against Hernandez.  We disagree.

Rota's appeal founders on the full faith and credit clause of the federal Constitution:  "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State . . . ."  (U.S. Const., art. IV, § 1.)  Under this clause, "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land.  For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force."  (*Baker v. General Motors Corp.* (1998) 522 U.S. 222, 233, fn. omitted; see *Roche v. McDonald* (1928) 275 U.S. 449, 451–452 [judgment of state court with jurisdiction over subject matter and parties is "equally conclusive upon the merits" in courts of every other state].)  Full faith and credit requires that "a judgment entered by one state must be recognized by another state if the state of rendition had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and an opportunity to be heard."  (*Thorley v. Superior Court* (1978) 78 Cal.App.3d 900, 907 (*Thorley*).)

To implement the constitutional command and to "provide[ ] an expeditious and economical registration procedure for enforcing sister-state money judgments in California," the Legislature adopted the Sister State Money Judgments Act.  (*Washoe Development Co. v. Guaranty Federal Bank* (1996) 47 Cal.App.4th 1518, 1521–1522.)  The Act allows a judgment creditor "to obtain a California judgment simply by registering [the] sister-state

10

judgment with the specified superior court, thus avoiding the necessity of bringing a completely independent action." (*Id.* at p. 1522.) The Act provides the judgment "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment," and authorizes the judgment debtor to "make a motion to vacate the judgment." (Code Civ. Proc., § 1710.40, subds. (a), (b).)

One ground Rota asserts for vacating the judgment is lack of jurisdiction. "[W]hen the courts of one state do not have jurisdiction either of the subject matter or of the person of the defendant, the courts of another state are not required by virtue of the full faith and credit clause to enforce the judgment." (*Williams v. North Carolina* (1942) 317 U.S. 287, 297.) Rota argues the Utah court lacked jurisdiction because a clause of the second agreement between HMA and AEG, to which she says the parties orally agreed to "revert," required arbitration of disputes. In denying her motion to compel arbitration, the Utah court rejected Rota's argument it had no jurisdiction, and ruled the second agreement had been superseded by the third agreement, which was binding and enforceable, contained no arbitration clause, and required submission of disputes to the Utah state courts.[5] The Utah court reaffirmed its jurisdiction in the findings of fact and conclusions of law it issued after the evidentiary hearing on HMS's damages. "[A] judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions

---

[5]    The district courts of Utah are courts of general jurisdiction that may adjudicate civil disputes. (Utah Const., art. VIII, §§ 1, 5; Utah Code Ann. § 78A-5–102(1); *Western Water, LLC v. Olds* (Utah 2008) 184 P.3d 578, 590.) They may exercise personal jurisdiction over nonresident defendants based on a forum selection clause in a contract between the defendants and a plaintiff whose principal place of business is in Utah. (*Jacobsen Const. Co., Inc. v. Teton Builders* (Utah 2005) 106 P.3d 719, 728–729.)

11

have been fully and fairly litigated and finally decided in the court which rendered the original judgment." (*Durfee v. Duke* (1963) 375 U.S. 106, 111.) The superior court could not reexamine the jurisdictional issue and had to give the Utah court's determination full faith and credit. (*Id.* at p. 116; *Estate of Hart* (1984) 165 Cal.App.3d 392, 397; *Thorley, supra*, 78 Cal.App.3d at pp. 908–909.)

Rota also attacks the judgment on the ground the Utah court deprived her of property without due process of law. (U.S. Const., 14th Amend., § 1.) Due process requires parties to judicial proceedings be given notice and an opportunity to be heard. (*Mathews v. Eldridge* (1976) 424 U.S. 319, 348; *LCPFV, LLC v. Somatdary Inc.* (2024) 106 Cal.App.5th 743, 758.) "A judgment obtained in violation of procedural due process is not entitled to full faith and credit when sued upon in another jurisdiction." (*Griffin v. Griffin* (1946) 327 U.S. 220, 228.) Rota complains she did not get a fair trial and was denied due process because she could not attend the proceedings in person and was not allowed to contest HMS's claim for defamation or to file documents. In her briefing, however, she concedes she "had a standing order to appear by phone" and filed many documents in the Utah court. Those documents included an answer and counterclaim, which the court struck as a sanction for contempt after it obtained briefing, held an evidentiary hearing, and found Rota had willfully and repeatedly violated the court's orders. Rota was given notice of the hearing on HMS's damages for defamation but did not appear. She thus clearly had both notice of the Utah proceedings that led to the money judgment against her and an opportunity to present claims and defenses. The Utah court did not deny Rota due process by disallowing her to take full advantage of that opportunity as a sanction for contempt. (See *In re Daily* (9th Cir. 1995) 47 F.3d 365, 369 ["Due process is not violated by a

12

court's entry of a default judgment or other sanction against a party for refusal to cooperate with discovery."]; *R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 497 [no due process violation in dismissing case as sanction for plaintiff's refusal to comply with discovery orders].)

Rota argues the Utah judgment lacks the finality needed for it to be given full faith and credit, because the Utah court adjudicated neither her claims for compensation under the second agreement between HMS and AEG or for sexual harassment (Civ. Code, § 51.9) nor her defenses to provisions of the third agreement or to HMS's defamation claim.[6] Whether the Utah judgment was final is a question of Utah law. (*In re Marriage of Connolly* (2018) 20 Cal.App.5th 395, 405; *Brinker v. Superior Court* (1991) 235 Cal.App.3d 1296, 1300.) A Utah judgment is final if it resolves all issues between the parties and ends their controversy. (*Wittingham, LLC v. TNE Ltd. Partnership* (Utah 2018) 428 P.3d 1027, 1031; *Bradbury v. Valencia* (Utah 2000) 5 P.3d 649, 659.) When it entered judgment, the Utah court had resolved all issues between HMS and Rota by striking her pleadings and entering her default, declaring HMS owed nothing under any of its agreements with AEG, and awarding HMS damages of $8,859,175 on its

---

[6] As defenses to provisions of the third agreement, Rota cites California statutes that allow an employee who primarily resides and works in California to void a provision of an employment contract that requires the employee to adjudicate outside California a claim that arose in California (Lab. Code, § 925) and that void noncompetition agreements in the employment context (Bus. & Prof. Code, §§ 16600, 16600.5). As defenses to HMS's claim for defamation, she asserts her First Amendment right to free speech and the California anti-SLAPP statute (Code Civ. Proc., § 425.16).

In her rely brief, Rota for the first time contends Howell's wife was an indispensable party to the Utah litigation, and the failure to join her "is a recognized affirmative defense." She may not raise this new issue in her reply brief. (*Herrera, supra*, 67 Cal.App.5th at p. 548.)

complaint.  (See pt. I.B., *ante*.)  As a final judgment, the Utah judgment
" ' "precludes the relitigation of all issues that could have been litigated as
well as those that were, in fact, litigated in the prior action," ' " such as those
raised by Rota.  (*Macris & Associates, Inc. v. Neways, Inc.* (Utah 2000) 16
P.3d 1214, 1219.)  In ruling on Rota's motion to vacate the judgment, the
superior court could not retry the case and had to recognize the Utah
judgment as res judicata.  (*Riley v. New York Trust Co.* (1942) 315 U.S. 343,
348–349 (*Riley*); *Blizzard Energy, Inc. v. Schaefers* (2020) 44 Cal.App.5th 295,
298; *Tyus v. Tyus* (1984) 160 Cal.App.3d 789, 792.)

As her final basis to vacate the judgment, Rota relies on the arbitration
she had with Hernandez.  She references the arbitration at several places in
her opening brief, and suggests some of the findings the Utah court made in
support of the judgment were precluded because they were contrary to
findings made in the arbitration.  Rota has not provided a record citation for
the arbitrator's findings.  The copy of the arbitrator's award she included in
the record contains no findings; it merely awards damages, costs, and
attorney fees.  Rota has not explained why any findings would have
preclusive effect against HMS in the Utah litigation when it was not a party
to the arbitration.  (See, e.g., *Vandenberg v. Superior Court* (1999) 21 Cal.4th
815, 828 [collateral estoppel "preclude[s] a party to prior litigation from
redisputing *issues* therein decided against him"]; *Buckner v. Kennard* (Utah
2004) 99 P.3d 842, 847 [collateral estoppel requires "the party against whom
issue preclusion is asserted was a party, or in privity with a party, to the
prior adjudication"].)  In any event, the correctness of the Utah court's
findings in support of its judgment is not open to question in California
courts.  "A State may not disregard the judgment of a sister State because it
disagrees with the reasoning underlying the judgment or deems it to be

14

wrong on the merits." (*V.L. v. E.L.* (2016) 577 U.S. 404, 407.) "[T]he full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." (*Milliken v. Meyer* (1940) 311 U.S. 457, 462.)

In sum, we conclude Rota has not established "any ground which would be a defense to an action in this state on the sister state judgment." (Code Civ. Proc., § 1710.40, subd. (a).) The Utah court had jurisdiction to resolve the parties' dispute, it did so in a final judgment after affording the parties notice and an opportunity to be heard, and its judgment is entitled to full faith and credit in California. (U.S. Const., art. IV, § 1; *Riley, supra*, 315 U.S. at pp. 348–349; *Thorley, supra*, 78 Cal.App.3d at pp. 908–909.) The superior court therefore correctly denied Rota's motion to vacate the judgment.

## III.

## DISPOSITION

The order denying the motion to vacate the judgment is affirmed. Respondent is entitled to costs on appeal.

IRION, Acting P. J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.

15